**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LANDMARK TECHNOLOGY, LLC, a Delaware limited liability company, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 2:14-cv-00605 |
| EBAY INC., a Delaware corporation; SCOTT C. HARRIS, an individual; LAW OFFICE OF SCOTT C. HARRIS, INC., a California corporation, | § § § § | |
| Defendants. | § § § | |

**DEFENDANT EBAY INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................... 1

II.     STATEMENT OF THE ISSUES.................................................................................. 2

III.    STATEMENT OF FACTS ........................................................................................... 2

      A.      Nature Of The Case ......................................................................................... 2

      B.      eBay's Lack Of Substantial Contacts With Texas................................................. 3

IV.     APPLICABLE LAW ................................................................................................... 3

      A.      Personal Jurisdiction ......................................................................................... 3

            1.      General Jurisdiction ................................................................................ 4

            2.      Specific Jurisdiction................................................................................ 4

      B.      Venue ................................................................................................................. 5

V.      ARGUMENT ............................................................................................................... 5

      A.      This Court Does Not Have General Jurisdiction Over eBay ................................. 5

      B.      This Court Does Not Have Specific Jurisdiction Over eBay................................. 7

      C.      Venue In The Eastern District Of Texas Is Improper .......................................... 9

            1.      The Defendants Do Not All Reside In Texas ........................................... 9

            2.      The Alleged Events Did Not Occur In Texas And There Is No
                   Texas Property That Is The Subject Of The Litigation............................. 9

            3.      Because Venue Would Be Proper In The Northern And Southern
                   Districts Of California, Venue Under § 1391(b)(3) Is Not Proper .......... 10

VI.     CONCLUSION........................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ........................10

*Blue Spike, LLC v. Texas Instruments, Inc.*,
    Nos. 6:12-cv-499, 6:12-cv-572, 2014 U.S. Dist. LEXIS 50775 (E.D. Tex. March 13, 2014)3-4

*Brown v. CBS Corp.*,
    Case No. 3:12-cv-1495, 2014 U.S. Dist. LEXIS 66198 (D. Conn. May 14, 2014).............. 6-7

*Daimler AG v. Bauman*,
    571 U.S. ___, 134 S. Ct. 746 (2014)......................................................................... 4, 5-6, 6, 7

*Elecs. for Imaging, Inc. v. Coyle*,
    340 F.3d 1334 (Fed. Cir. 2003)....................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. ___, 131 S. Ct. 2846 (2011)...................................................................... 4-5

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154 (5th Cir. 1983) ......................................................................................4

*Int'l Shoe Co. v. State of Wash.*,
    326 U.S. 310 (1945).......................................................................................................4

*Walden v. Fiore*,
    571 U.S. ___, 134 S. Ct. 1115 (2014).................................................................5, 8

*Watts v. L-3 Communications Corp*,
    No. 2:12-cv-0028-JRG, 2012 U.S. Dist. LEXIS 138261 (E.D. Tex. Sept. 25, 2012) ..............5

**Statutes**

28 U.S.C. § 1391(c) ................................................................................................9

28 U.S.C. § 1391(c)(2)............................................................................................9

28 U.S.C. § 1391(b) .........................................................................................1, 5

28 U.S.C. § 1391(b)(1) ...............................................................................9, 10, 11

28 U.S.C. § 1391(b)(2) ..........................................................................................10

28 U.S.C. § 1391(b)(3) ....................................................................................10, 11

**Rules**

Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) ................................................................1

I.    __INTRODUCTION__

This case has virtually no connection to Texas and should not be litigated in a Texas court.  Both eBay Inc. ("eBay") and Landmark Technology, LLC ("Landmark") are incorporated in Delaware, and the defendants do not reside in Texas.  Although Landmark has an office in Texas, it does not claim to sell anything or carry on any significant activities there.  Moreover, none of the events on which this case is based has anything to do with Texas.  Rather, this action arises from Defendants' submission (from California) of requests to the United States Patent and Trademark Office (in Virginia) for reexamination of Landmark's patents.  Accordingly, eBay respectfully requests that the Court dismiss the Complaint of Landmark against eBay for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

Dismissal is appropriate as Landmark has not carried its burden of establishing that the Court has personal jurisdiction over eBay.  Landmark's Complaint fails to allege facts sufficient to show that eBay is "at home" in Texas such that the Supreme Court's requirement for general jurisdiction would be met.  And its claims are based solely on actions that took place outside of Texas and were not directed at Texas.  Thus, Landmark's Complaint against eBay must be dismissed for lack of personal jurisdiction.

Similarly, Landmark's Complaint has failed to allege facts sufficient to show that venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b).  As explained above, Defendants are not all residents of Texas (indeed, none of them are), and the events giving rise to Landmark's claims occurred outside of the Eastern District of Texas.  Therefore, Landmark's complaint must also be dismissed for improper venue.

## II.   STATEMENT OF THE ISSUES

1.      Whether this Court can exercise personal jurisdiction over defendant eBay.

2.      Whether venue is proper in this judicial district.

## III.   STATEMENT OF FACTS

### A.   Nature Of The Case

Landmark is the exclusive licensee of U.S. Patent Nos. 5,576,951, 6,289,319, and 7,010,508 (the "Patents").  Compl., ¶ 13.  The Patents are part of the same patent family and generally pertain to interactive, searchable, and computerized systems for selecting and ordering information, goods, and services.  Compl., ¶¶ 24, 25.  Since 2008, Landmark has asserted the Patents (and at times a subset of them) in dozens of actions against over one hundred operators of e-commerce websites.  *See* Declaration of Michael C. Chow ("Chow Decl."), Ex. A.  Over the past several years, Landmark has asserted the Patents against several of eBay's retailer customers, some of which have requested indemnification from eBay.

In 2012, eBay's outside counsel engaged Defendant Scott C. Harris, an attorney based and living in San Diego, California, to file requests for reexamination of the Patents.[1]  Compl., ¶ 7, n. 4; Chow Decl., Exs. G & H.  On September 14 and 15, 2012, Mr. Harris filed these requests with the United States Patent and Trademark Office (PTO) in Alexandria, VA and served copies of the reexamination requests via mail on Landmark's patent counsel, Henri J. A. Charmasson, in San Diego, California.  Chow Decl., Exs. D-F.  These actions did not take place in Texas, nor were they directed at Texas.

After independent review of eBay's reexamination requests, the PTO granted the requests and ordered reexamination of all three patents.  Chow Decl., Exs. I-K.  At the end of the

---

[1]Defendants eBay Inc., Scott C. Harris and The Law Office of Scott C. Harris are hereinafter referred to collectively as "Defendants."

reexamination proceedings, the PTO rejected 16 out of 25 claims of one patent, and confirmed the claims of the other two patents.  Chow Decl., Exs. L-N.  The PTO issued reexamination certificates for the latter two patents on January 9, 2013 and May 9, 2013, respectively.  Chow Decl., Exs. O &,P.  Landmark is currently appealing the rejection of claims of the other patent to the Patent Trial and Appeal Board at the PTO.  Chow Decl., Ex. T.

On May 8, 2014, Landmark filed the current action alleging that Defendants' act of petitioning the PTO to reexamine the two confirmed Landmark patents was objectively frivolous and baseless.  Compl., ¶¶ 1-2.  That allegation is the basis for Landmark's claims.[2]  *See id.*

## B.      eBay's Lack Of Substantial Contacts With Texas

eBay is a Delaware corporation with its principal place of business in San Jose, California.  Worldwide, eBay employs approximately 33,500 people.  Chow Decl., Ex. B at p. 11.  Approximately 6,500 full-time employees are based at eBay's campuses in San Jose.  Declaration of Christina Vandewater ("Vandewater Decl."), ¶ 4.  eBay is registered to do business in more than half of the United States, and operates facilities in many of them.  Chow Decl., Ex. C.; Vandewater Decl., ¶ 6-8.  eBay is registered to do business in Texas and operates a facility in Austin (the "Austin Facility").  Chow Decl., Ex. C at p. 26-27; Vandewater Decl., ¶ 6.  eBay employs approximately 720 full-time employees in Texas, about 700 of which are at the Austin Facility.  Vandewater Decl., ¶ 6.

## IV.      APPLICABLE LAW

### A.      Personal Jurisdiction

Landmark bears the burden of establishing a prima facie case that this court possesses personal jurisdiction over eBay.  *Blue Spike, LLC v. Texas Instruments, Inc.*, Nos.  6:12-cv-499,

---

[2]In addition to eBay and Scott C. Harris, Landmark also named The Law Office of Scott C. Harris, a California corporation with its principal place of business in San Diego, California, as a defendant.  Compl., ¶ 15.

6:12-cv-572, 2014 U.S. Dist. LEXIS 50775, at *98-99 (E.D. Tex. March 13, 2014) (citing *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1334, 1349 (Fed. Cir. 2003)); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). There are two ways a court may exercise personal jurisdiction over a party: (1) general jurisdiction and (2) specific jurisdiction.

### 1.     General Jurisdiction

The Supreme Court has set a high bar for courts to exercise general jurisdiction over a party. General jurisdiction requires a level of activity within the state that is "substantial and of such a nature as to justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746, 754 (2014) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 318 (1945)). The contacts with the forum state must be "so 'continuous and systematic' as to render [the corporation] essentially at home in the forum State." *Id.* at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. ___, 131 S. Ct. 2846, 2851 (2011)). A determination of whether an entity is "at home" in the forum state requires a comparison of the entity's nationwide activities to its activities in the state. *Id.* at 762 n. 20 ("General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them."). The paradigm forums in which the exercise of general jurisdiction over a corporation is deemed proper are its place of incorporation and principal place of business. *Id.* at 760. It would take an exceptional case to assert general jurisdiction over a corporation elsewhere. *Id.* at 761 n. 19.

### 2.     Specific Jurisdiction

"Specific jurisdiction…depends on an affiliation between the forum and the underlying controversy, principally, <u>activity or an occurrence that takes place in the forum State</u> and is therefore subject to the State's regulation." *Goodyear*, 131 S. Ct. at 2851 (emphasis added,

internal quotes omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. ___, 134 S. Ct. 1115, 1121 (2014). "[M]ere injury to a forum resident is not a sufficient connection to the forum" to find specific jurisdiction. *Id.* at 1125. Instead, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (citation omitted). "The plaintiff cannot be the only link between the defendant and the forum." *Id.*

**B.**     **Venue**

Whether venue is appropriate in the Eastern District of Texas is determined by 28 U.S.C. § 1391(b). *Watts v. L-3 Communications Corp*, No. 2:12-cv-0028-JRG, 2012 U.S. Dist. LEXIS 138261, at *4 (E.D. Tex. Sept. 25, 2012). Under § 1391(b), venue is proper in a judicial district wherever: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any defendant is subject to a court's personal jurisdiction *if* there is no proper venue in any district under either (1) or (2). *Id.* at *4-5 (citing 28 U.S.C. § 1391(b)).

**V.     ARGUMENT**

**A.     This Court Does Not Have General Jurisdiction Over eBay**

eBay has not conducted enough activity within Texas for this Court to exercise general jurisdiction over eBay. Landmark has pled only two facts in support of its claim of general jurisdiction: (1) eBay does business in Texas and (2) eBay is registered to do business in Texas. Compl., ¶ 21. These facts fall far short of what is required to find general jurisdiction. *Daimler*, 134 S. Ct. at 760-61 (holding that "approv[ing] the exercise of general jurisdiction in every State

in which a corporation 'engages in a substantial, continuous, and systematic course of business'"
would be "unacceptably grasping."). Therefore, Landmark has failed to allege facts sufficient to
make a prima facie case that this Court has general personal jurisdiction over eBay.

Even when considering facts not pled by Landmark, general jurisdiction over eBay is not
warranted.  In addition to doing business in Texas and being registered to do business in Texas,
eBay has employees in Texas—mostly at the Austin Facility.  However, that fact does not
change the result.  Landmark *still fails* to meet the stringent test for general jurisdiction recited
by the Supreme Court in *Daimler*.  A comparison of eBay's nationwide and worldwide activities
to its activities in Texas, as called for in *Daimler*, shows that eBay is not "at home" in Texas.
Worldwide, eBay employs approximately 33,500 people.  In contrast, eBay has only about 720
full-time eBay employees in Texas, none of whom are at the vice-president ("VP") level or
above.  Vandewater Decl., ¶ 6.  About half of these employees are technology or business
professionals, while the other half are split between customer service representatives and support
personnel in finance, legal, and human resources.  Vandewater Decl., ¶ 6.  These employees
support eBay's operations as a whole, and do not direct their operations and services solely at
Texas businesses or residents.  And while eBay is registered to do business in Texas, it is also
registered to do business in more than half of the United States, and operates facilities in many of
them.  Chow Decl., Ex. C; Vandewater Decl., ¶¶ 6-8.  For example, eBay also operates facilities
with technology and business professionals and support staff in Utah, Arizona, Nebraska,
Pennsylvania, Florida, Kentucky, and Maryland.  Vandewater Decl., ¶ 7.   In comparison to the
facilities in the rest of the United States, nothing noteworthy occurs in Texas that would justify
general jurisdiction over eBay.  *See Brown v. CBS Corp.*, Case No. 3:12-cv-1495, 2014 U.S. Dist.
LEXIS 66198, at *28-35 (D. Conn. May 14, 2014) (comparing the defendant's activities and

operations in Connecticut to its worldwide activities, including the small percentage of defendant's worldwide employees resident in Connecticut, in holding that general jurisdiction could not be found).  As the Supreme Court stated in *Daimler*, to exercise general jurisdiction in every state, including Texas, in which eBay has a "substantial, continuous, and systematic course of business" would be "unacceptably grasping."  134 S. Ct. at 761.

The insubstantial nature of eBay's activities in Texas becomes clear when comparing the difference between eBay's operations in its home state of California (the "paradigm" all-purpose forum for the exercise of general jurisdiction) to its operations in Texas and elsewhere in the nation.  *Id.* at 760-61.  eBay's campuses in San Jose, California employ approximately 6,500 people and are the home of eBay's executive leadership.  Vandewater Decl., ¶¶ 4-5.  Approximately half of these people are technology or business professionals who drive eBay's worldwide operations.  Vandewater Decl., ¶ 4.  Over 100 VP level or above employees, including all of the C-Level executives, such as the Chief Executive Officer, Chief Financial Officer, and Chief Technology Officer, are based in San Jose or nearby satellite offices in San Francisco and Brisbane, California.  Vandewater Decl., ¶ 5.  These facts demonstrate that eBay's presence and corporate operations in Texas pale in comparison to those of eBay's principal place of business in California.  Because eBay's contacts with Texas do not support a finding that eBay is "at home" there, this Court does not have general jurisdiction over eBay.

### B.     This Court Does Not Have Specific Jurisdiction Over eBay

Here, the Court lacks specific jurisdiction over eBay because, contrary to Landmark's allegations, none of the alleged improper actions took place in, or were directed at, Texas. Landmark overreaches and misleads the Court when it claims that "all claims arise from actions occurring within the State of Texas."  Compl., ¶ 22.  In fact, the Complaint does not describe *a*

*single event* that occurred in Texas.  Defendant Harris, a patent attorney residing and based in San Diego, California, filed the reexamination petitions with the USPTO and served the petitions on Landmark's attorneys, who are also based in San Diego.  Chow Decl., Exs. D-F.  The USPTO received the reexamination petitions in Virginia.  None of these actions occurred in Texas.  And at no point did eBay direct any of its actions at Texas.  Therefore, the filing of the reexamination petitions—the basis of Landmark's suit—did not create a substantial connection with Texas.

To support its claim that this Court has specific personal jurisdiction over eBay, Landmark is left to rely only on its allegation that it suffered harm in Texas resulting from eBay's actions.  Compl., ¶ 21.  In other words, as in *Walden*, Landmark is the only connection between eBay's suit-related actions and Texas.  And, as in *Walden*, alleged harm to the plaintiff (such as Landmark) is insufficient for the courts in the plaintiff's home state (here, Texas) to exercise specific jurisdiction over defendant (eBay).  *Walden*, 134 S. Ct. at 1126 (holding that "[p]etitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to [Nevada] does not suffice to authorize jurisdiction").  [3]

Because eBay is not subject to general or specific jurisdiction in Texas, this case must be dismissed as to eBay for lack of personal jurisdiction.

---

[3] eBay also disputes that Landmark's alleged harm was actually suffered in Texas.  Lawrence Lockwood (the owner of the Patents and Landmark) is a resident of California, his attorneys reside in California, and Landmark has claimed in other court filings that it is a corporation of other states.  *See* Compl., ¶ 13 ("Mr. Lockwood is a California inventor…."); Chow Decl., Ex. Q at p. 15 (Declaration of Lawrence B. Lockwood executed in La Jolla, California); Chow Decl., Ex. R (Landmark Secretary of State filing listing Mr. Lockwood's mailing address in La Jolla, California); Chow Decl., Ex. S, ¶ 5 (stating that Landmark has its principal place of business in Las Vegas, Nevada, with offices in Tyler, Texas).  If the Court believes it needs further information on this point in order to grant this motion, eBay requests that it be allowed to take personal jurisdiction discovery to determine whether the alleged harm was suffered in California or Texas.

### C.     Venue In The Eastern District Of Texas Is Improper

Venue is not proper in the Eastern District of Texas because the defendants do not all reside in Texas, the events alleged as the basis for Landmark's claims did not take place in the Eastern District Texas, and there is no Texas property that is the subject of this litigation.

### 1.     The Defendants Do Not All Reside In Texas

Venue here is not proper in Texas under § 1391(b)(1) because neither of the defendants are residents of Texas. A natural person is a resident of the judicial district in which that person is domiciled. 28 U.S.C. § 1391(c). Defendant Scott C. Harris is an attorney who lives, works, and is domiciled in San Diego, California. Chow Decl., Exs. G & H; Compl., ¶¶ 14-16. Therefore, Mr. Harris and his firm reside in the Southern District of California and not the Eastern District of Texas. Likewise, as set forth above, eBay is not a resident of Texas.[4] Because no defendant resides in Texas, venue is improper in the Eastern District of Texas under § 1391(b)(1).

### 2.     The Alleged Events Did Not Occur In Texas And There Is No Texas Property That Is The Subject Of The Litigation

Venue is not proper under § 1391(b)(2) because the events alleged by Landmark as the basis for this action did not occur in Texas, and there is no Texas property that is the subject of this litigation. In its Complaint, Landmark merely concludes, without any support, that "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district." Compl., ¶ 21. However, as described above, none of the events alleged by Landmark occurred in Texas. Neither eBay nor Mr. Harris drafted or filed the reexamination petitions in

---

[4]It follows that eBay also does not reside in the Eastern District of Texas. An entity is a resident of any judicial district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2). As set forth above, eBay is not subject to personal jurisdiction in Texas and, therefore, cannot be a resident of any judicial district in Texas.

Texas.  The PTO received the petition in Virginia.  Accordingly, the events giving rise to Landmark's claims did not occur in Texas.

Additionally, there is no Texas property that is the subject of this litigation.[5]  Because the events at issue did not take place in Texas and there is no property situated in Texas which is the subject of the litigation, venue in the Eastern District of Texas is not proper under § 1391(b)(2).

### 3. Because Venue Would Be Proper In The Northern And Southern Districts Of California, Venue Under § 1391(b)(3) Is Not Proper

Landmark cannot rely on § 1391(b)(3) to support its venue selection because venue would be proper in either the Northern District of California or the Southern District of California under § 1391(b)(1).  Under § 1391(b)(3), venue is proper wherever any defendant is subject to a court's personal jurisdiction *only if* there is no proper venue in any other district under either § 1391(b)(1) or (2).  As Landmark admits in its Complaint, eBay and the Law Office of Scott C. Harris have their principal places of business in California.  Compl., ¶¶ 14-15.  eBay's principal place of business is in San Jose, California, making it a resident of the Northern District of California.  Compl., ¶ 14.  The Law Office of Scott C. Harris is a California corporation with its principal place of business in San Diego, California, making it a resident of the Southern District of California.  Compl., ¶ 15.  Because eBay, Mr. Harris, and the Law Office of Scott C. Harris all reside in California, under § 1391(b)(1), venue would be proper in either

---

[5] To the extent Landmark contends that the Patents are intangible property that is the subject of this litigation, a fact eBay disputes, the location of the Patents does not support venue in the Eastern District of Texas.  A patent is located in the state where the patent owner resides. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1570 (Fed. Cir. 1994) ("…*Honeywell* can also be read to mean that the situs of the injury [in a patent infringement case] is the situs of the intangible property interest, *which is determined by where the patent owner resides*…") (emphasis added).  Here, Landmark has admitted that Mr. Lockwood, a resident of California, is the owner of the Patents.  Compl., ¶ 13.  Therefore, the Patents are located in California, not Texas.

the Northern or Southern Districts of California.  As a result, § 1391(b)(3) does not allow venue

to lie in Texas.[6]

**VI.**    <u>**CONCLUSION**</u>

For the foregoing reasons, eBay respectfully requests that the Court grant eBay's motion

to dismiss Landmark's Complaint for lack of personal jurisdiction and improper venue.

---

[6] As established above, eBay is not subject to personal jurisdiction in Texas.  Landmark has also failed to establish that Mr. Harris and the Law Office of Scott C. Harris are subject to personal jurisdiction in Texas.  Therefore, even under § 1391(b)(3), venue would not be proper in the Eastern District of Texas.

Dated: August 13, 2014                    Respectfully submitted,


                                          /s/ *Eric H. Findlay*
                                          Mark P. Wine
                                          CA State Bar No. 189897
                                          Matthew Poppe
                                          CA State Bar No. 177854
                                          Benjamin S.  Lin
                                          CA State Bar No. 232735
                                          Michael C. Chow
                                          CA State Bar No. 273912
                                          Will H. Melehani
                                          CA State Bar No. 285916
                                          ORRICK HERRINGTON & SUTCLIFFE LLP
                                          2050 Main St., Suite 1100
                                          Irvine, CA 92614
                                          Tel:  (949) 567-6700
                                          Fax:  (949) 567-6710
                                          mwine@orrick.com
                                          mpoppe@orrick.com
                                          blin@orrick.com
                                          mchow@orrick.com
                                          wmelehani@orrick.com

                                          Eric H. Findlay
                                          Texas Bar No. 00789886
                                          FINDLAY CRAFT, P.C.
                                          102 North College Avenue, Suite 900
                                          Tyler, TX 75702
                                          Tel: (903) 534-1100
                                          Fax: (903) 534-1137
                                          efindlay@findlaycraft.com
                                          **Attorneys for Defendant eBay Inc.**


## CERTIFICATE OF SERVICE

I certify that on August 13, 2014, I electronically filed the above document(s) with the

Court using CM/ECF which will send electronic notification of such filing(s) to all registered

counsel.


                              ___*/s/ Eric H. Findlay*_____
                              Eric H. Findlay

-12-