**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LANDMARK TECHNOLOGY, LLC, a Delaware limited liability company, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 2:14-cv-00605-JRG |
| EBAY INC., a Delaware corporation; SCOTT C. HARRIS, an individual; LAW OFFICE OF SCOTT C. HARRIS, Inc., a California corporation, | § § § § § | |
| Defendants. | § § | |

**DEFENDANT EBAY INC.'S MOTION TO DISMISS PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE AND REQUEST FOR HEARING**

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF BASIS FOR MOTION AND RELIEF REQUESTED ......................... 1

II.     FACTUAL BACKGROUND .......................................................................................... 3

III.    APPLICABLE LEGAL STANDARDS ........................................................................... 4

   A.   General Legal Standards and Burdens Governing Anti-SLAPP Motions ............ 4

   B.   The Anti-SLAPP Law Applies to State Law Claims Brought in Federal
        Court, Such as Landmark's Claims in This Action ............................................. 6

   C.   eBay Would Also Prevail Under California's Anti-SLAPP Law .......................... 7

IV.     ALL OF LANDMARK'S CLAIMS ARE SUBJECT TO THE ANTI-SLAPP
        STATUTE BECAUSE THEY ARISE FROM EBAY'S ACTS IN
        FURTHERANCE OF ITS RIGHT TO PETITION AND RIGHT OF FREE
        SPEECH ........................................................................................................................ 7

   A.   Texas's Anti-SLAPP Statute Applies to All of Landmark Claims ....................... 7

   B.   The Same Result Would Be Achieved Under California's Anti-SLAPP
        Statute ................................................................................................................ 9

V.      LANDMARK'S CLAIMS MUST BE DISMISSED BECAUSE THE
        EVIDENCE SUPPORTS SEVERAL AFFIRMATIVE DEFENSES AND
        BECAUSE LANDMARK CANNOT PRODUCE CLEAR AND SPECIFIC
        EVIDENCE SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE AS TO
        ANY CLAIM ................................................................................................................ 11

   A.   Landmark's Claims Are Barred by the Litigation Privilege Because They
        Stem From Communications Made During a Quasi-Judicial Proceeding ........... 12

   B.   Landmark's Claims Are Barred by the Noerr-Pennington Doctrine ................... 13

   C.   Landmark's Claims Are Preempted by Federal Law ........................................... 17

   D.   Each of Landmark's Claims Suffers From Additional Claim-Specific
        Defects That Merit Dismissal ............................................................................. 20

VI.     EBAY SHOULD BE AWARDED COURT COSTS, ATTORNEY'S FEES, AND
        SANCTIONS AGAINST LANDMARK PURSUANT TO THE ANTI-SLAPP
        STATUTE ..................................................................................................................... 30

VII.    CONCLUSION ............................................................................................................. 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Brennan*
   952 F.2d 1346 (Fed. Cir. 1991).........................................................................18

*Ackerman v. American Airlines*,
   924 F. Supp. 749,752-54 (N.D. Tex. 1995) .........................................................13

*Admiral Ins. Co. v. Heath Holdings USA, Inc.*,
   No. 3:03-CV-1634G, 2004 WL 1144062 (N.D. Tex. May 21, 2004) .....................29

*Akzo N.V. v. United States Int'l Trade Comm'n*,
   808 F.2d 1471 (Fed. Cir. 1986).....................................................................25, 27

*Allied Tube & Conduit Corp. v. Indian Head, Inc.*,
   486 U.S.492 (1988)......................................................................................14, 15

*Ameristar Jet Charter, Inc. v. Cobbs*,
   184 S.W.3d 369 (Tex. App.--Dallas 2006, no pet.)..............................................23

*Arizona v. United States*,
   132 S. Ct. 2492 (2012)........................................................................................19

*Aronson v. Quick Point Pencil Co.*,
   440 U.S. 257 (1979)............................................................................................17

*Ash v. Hack Branch Distrib. Co.*,
   54 S.W.3d 401 (Tex. App.--Waco 2001, pet. denied) .....................................26, 27

*Atari Games Corp. v. Nintendo of Am. Inc.*,
   897 F.2d 1572 (Fed. Cir. 1990)...........................................................................9

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989)............................................................................................17

*Brown v. Wimberly*,
   No. 11-1169, 2011 WL 5438994 (E.D. La. Nov. 9, 2011).....................................6

*Buckman Co. v. Plaintiff's Legal Committee*,
   531 U.S. 341 (2001)......................................................................................17, 18

*California Motor Transp. Co. v. Trucking Unlimited*,
   404 U.S. 508 (1972)............................................................................................13

*Chamberlin v. Isen*,
    779 F.2d 522 (9th Cir. 1985) ...................................................................8, 11

*Competitive Technologies v. Fujitsu, Ltd.*,
    286 F. Supp.2d 1118 (N.D. Cal. 2003) .................................................................21

*Culbertson v. Lykos*,
    No. 4:12-CV-03644, 2013 WL 4875069 (S.D. Tex. Sep. 11, 2013) ........................................6

*Davidson v. First State Bank of Andrews*,
    310 S.W. 2d 678 (Tex. App.—El Paso 1958, no writ) ........................................24

*Dow Chemical Co. v. Exxon Corp.*,
    139 F.3d 1470 (Fed. Cir. 1998) ..........................................................................19

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961) ............................................................................................13

*Erie R.R. v. Tompkins*,
    304 U.S. 64 (1938) ...............................................................................................6

*Exxon Corp. v. Allsup*,
    808 S.W.2d 648 (Tex. App.--Corpus Christi 1991, writ denied)............................27

*Henry v. Lake Charles Am. Press, LLC*,
    566 F.3d 164 (5th Cir. 2009) ................................................................................6

*Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*,
    No. C-92-3330, 1995 WL 552168 (N.D. Cal. Aug. 30, 1995) ...............................16

*Hilton v. Hallmark Cards*,
    599 F.3d 894 (9th Cir. 2010) ................................................................................6

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998)...........................................................................17

*Intel Corp. v. Intel-Logistics, Inc.*,
    No. 05-cv-2255, 2006 U.S. Dist. LEXIS 34361 (S.D. Tex. May 30, 2006)...........................12

*Itt Consumer Fin. Corp. v. Tovar*,
    932 S.W.2d 147 (Tex. App.--El Paso 1996, writ denied)........................................29

*Jay v. Mahaffey*,
    161 Cal. Rptr. 3d 700 (2013) ..............................................................................10

*Johnson v. Wichita Falls Housing Authority*,
    No. 2-06-416-cv, 2007 Tex. App. LEXIS 9192, (Tex. App.--Fort Worth Nov.
    21, 2007, no pet.) ...............................................................................................12

*Leonard Duckworth, Inc. v. Michael L. Field & Co.*,
   516 F.2d 952 (5th Cir. 1975) .................................................27

*In re Lipsky*,
   411 S.W.3d 530 (Tex. App.--Fort Worth 2013, orig. proceeding) ...........................................8

*Lockwood v. Sheppard, Mullin, Richter & Hampton, LLP*,
   No. 09-cv-5157, 2009 WL 9419499 (C.D. Cal. Nov. 24, 2009), *aff'd*, 403 Fed.
   Appx. 508 (Fed. Cir. 2010) ............................................................ *passim*

*Louis v. Blalock*,
   543 S.W.2d 715 (Tex. App.--Amarillo 1976, writ ref'd n.r.e.) .............................................23

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995)...................................................................8

*Martin v. Trevino*,
   578 S.W.2d 763 (Tex. App.--Victoria County, 1978, writ ref'd n.r.e.)............................21, 23

*Monaco Entertainment Group, LLC v. City of El Paso, Texas*,
   No. 3:11-CV-00561-DB (W.D. Tex. Apr. 3, 2012)...................................................6

*Montemayor v. Ortiz*,
   208 S.W.3d 627 (Tex. App.--Corpus Christi 2006, pet. denied) ......................................20, 21

*Muniz v. State Farm Lloyds*,
   974 S.W.2d 229 (Tex. App.--San Antonio 1998, no writ).......................................29

*Nathan Kimmel, Inc. v. DowElanco*,
   275 F.3d 1199 (9th Cir. 2002) ................................................18

*National Industrial Sand Ass'n v. Gibson*,
   897 S.W.2d 769 (Tex. 1995)..................................................14

*NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*,
   745 F.3d 742 (5th Cir. 2014) .................................................6

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*,
   190 F.3d 963 (9th Cir. 1999) .................................................6

*Newspaper Holdings Inc. v. Crazy Hotel Assisted Living Ltd.*,
   416 S.W.3d 71 (Tex. App.--Houston [1st Dist.] 2013, pet. denied).........................................7

*Nygard Inc. v. Uusi-Kerttula*,
   72 Cal.Rptr.3d 210 (2008) ..................................................7, 11

*Patlex Corp. v. Mossinghoff*,
   771 F.2d 480 (Fed. Cir. 1985)..................................................20, 25

*Petty v. Venable, Baetjer, Howard & Civiletti, LLP,*
   No. 3:02-cv-1449, 2004 WL 1629774 (N.D. Tex. July 20, 2004)....................................24, 25

*Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.,*
   508 U.S. 49 (1993)..................................................................................................14, 15, 16

*Reagan v. Guardian Life Ins. Co.,*
   166 S.W.2d 909 (Tex. 1942).................................................................................................12

*In re Recreative Technologies Corp.,*
   83 F.3d 1394 (Fed. Cir. 1996)..............................................................................................20

*Rodriguez-Escobar v. Goss,*
   392 S.W.3d 109 (Tex. 2013)..........................................................................................28, 29

*Ross v. Arkwright Mut. Ins. Co.,*
   892 S.W.2d 119 (Tex. App.--Houston [14th Dist.] 1994, no writ)........................................23

*RRR Farms v. American Horse Protection Ass'n,*
   957 S.W.2d 121 (Tex. App.--Houston [14th Dist.] 1997, writ denied)................14, 20, 21, 22

*Sierra Club v. Andrews County,*
   418 S.W.3d 711 (Tex. App.--El Paso 2013, pet. filed)...........................................................5

*Sierra Club v. Butz,*
   349 F. Supp. 934 (N.D. Cal. 1972) ......................................................................................14

*SignAd, Inc. v. Billboards Limited!, Inc.,*
   No. B14-88-00485-CV, 1989 Tex. App. LEXIS 2668 (Tex. App.—Houston
   [14th Dist.] 1989, writ denied).............................................................................................14

*Smith v. Texas,*
   No. H-12-469, 2012 U.S. Dist. LEXIS 165620 (S.D. Tex. Oct. 26, 2012) ...........................13

*Strickland v. Joeris,*
   No. 04-11-00626-CV, 2012 Tex. App. LEXIS 9841 (Tex. App.--San Antonio
   Nov. 30, 2012, no pet.) ........................................................................................................28

*In re Swanson,*
   540 F.3d 1368 (Fed. Cir. 2008)........................................................................................9, 20

*Syntex (U.S.A.), Inc. v. U.S. Patent & Trademark Office,*
   882 F.2d 1570 (Fed. Cir. 1989)............................................................................................22

*Texas Beef Cattle Co. v. Green,*
   921 S.W.2d 203 (Tex. 1996)..........................................................................................23, 27

*Thomas v. Fry's Elecs., Inc.*,
  400 F.3d 1206 (9th Cir. 2005) ............................................................................6

*Tippett v. Hart*,
  497 S.W.2d 606 (Tex. App.--Amarillo) ), *ref. n.r.e. per curiam*, 501 S.W.2d
  874 (Tex. 1973)........................................................................................28

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
  411 F.3d 1369 (Fed. Cir. 2005)........................................................................17

*United Mine Workers of America v. Pennington*,
  381 U.S. 657 (1965)....................................................................................13

*United States v. American Bell Tel. Co.*,
  128 U.S. 315 (1888)......................................................................................8

*Vergos v. McNeal*,
  53 Cal. Rptr. 3d 647 (2007) ............................................................................10

*Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*,
  858 F.2d 1075 (5th Cir. 1988) ........................................................................14

*Wal-Mart Stores v. Sturges*,
  52 S.W.3d 711 (Tex. 2001)........................................................................26, 28

*Watts v. XL Sys., L.P.*,
  No. 1:06-CV-653, 2008 U.S. Dist. LEXIS 108128 (W.D. Tex. Jul. 2, 2008)........................13

*Williams v. Cordillera Communications, Inc.*,
  No. 2:13-cv-00124, 2014 U.S. Dist. LEXIS 79584, __F.Supp. 2d __ (S.D.
  Tex. June 11, 2014)....................................................................................5, 6

## Statutes

California Constitution....................................................................................10

U.S. Const. art. VI, cl. 2..................................................................................17

35 U.S.C. § 1................................................................................................8

35 U.S.C. § 103............................................................................................16

35 U.S.C. §§ 301-307 ......................................................................................3

35 U.S.C. § 302........................................................................................8, 19, 28

35 U.S.C. §§ 303-304 ..................................................................................15, 20

35 U.S.C. §§ 303-305 ....................................................................................3, 21

35 U.S.C. § 303(a) ................................................................................................25

35 U.S.C. § 306 .....................................................................................................3

Cal. Civ. Proc. Code § 425.16 .........................................................................1, 9

Cal. Civ. Proc. Code § 425.16(b) .......................................................................10

Cal. Civ. Proc. Code § 425.16(c) .......................................................................10

Cal. Civ. Proc. Code § 425.16(e) ..................................................................10, 11

Cal. Civ. Proc. Code § 425.16(e)(1) ...................................................................10

Cal. Civ. Proc. Code § 425.16(e)(2) ..............................................................10, 11

Cal. Civ. Proc. Code § 425.16(e)(3) ...................................................................11

Cal. Civ. Proc. Code § 425.16(e)(4) ...................................................................11

Cal. Civ. Proc. Code § 465.16 .............................................................................7

Cal. Civ. Proc. Code § 465.16(a) .........................................................................7

Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001 *et seq.* ........................................ *passim*

Tex. Civ. Prac. & Rem. Code § 27.001(3) ............................................................9

Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(iii) .................................................8

Tex. Civ. Prac. & Rem. Code § 27.001(4)(C) ......................................................8

Tex. Civ. Prac. & Rem. Code § 27.001(7) ............................................................9

Tex. Civ. Prac. & Rem.Code § 27.002 .................................................................4

Tex. Civ. Prac. & Rem.Code § 27.003 .................................................................4

Tex. Civ. Prac. & Rem. Code § 27.003(a) .........................................................5, 7

Tex. Civ. Prac. & Rem. Code § 27.005 .................................................................2

Tex. Civ. Prac. & Rem.Code § 27.005(b) ...........................................................2, 5

Tex. Civ. Prac. & Rem. Code § 27.005(c) ........................................................ *passim*

Tex. Civ. Prac. & Rem. Code § 27.005(d) ...............................................2, 5, 12, 15

Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) ...............................................1, 2, 5, 30

Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) ..................................................................1, 2, 5, 30

Texas Civil Practice & Remedies Code Chapter 27 .......................................................................1

**Rules**

37 C.F.R. § 1.515(a)........................................................................................................................25

37 C.F.R. §§ 10.1-10.170...............................................................................................................19

37 C.F.R. §§ 11.01-11.901.............................................................................................................19

**Other Authorities**

H.R. Rep. No. 107-120 ...................................................................................................................20

MPEP §§ 2240, 2244 .....................................................................................................................25

Restatement (Second) of Torts § 766C..........................................................................................28

Subject to its Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction, Defendant eBay Inc. ("Defendant" or "eBay") files this Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code, moving for dismissal of all claims asserted by Plaintiff Landmark Technology, LLC ("Plaintiff" or "Landmark") and for an award of attorney's fees, costs, and sanctions pursuant to Texas Civil Practice and Remedies Code § 27.009(a)(1) and (a)(2).[1]  eBay also requests a hearing to be set no later than the 60th day after the date of service of the motion pursuant to Tex. Civ. Prac. & Rem. Code § 27.004.

## I. SUMMARY OF BASIS FOR MOTION AND RELIEF REQUESTED

The present lawsuit is an attempt by Landmark to punish eBay for exercising its constitutional rights to petition the government for redress and free speech.  In 2011, the Texas legislature recognized the abusive nature of such lawsuits and sought to curb them by enacting Chapter 27 of the Texas Civil Practice and Remedies Code ("the anti-SLAPP statute").[2] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001 *et seq.*  That law is designed to end such lawsuits at an early stage and compensate defendants for the cost of defending against them.  Pursuant to that law, eBay hereby seeks dismissal of every claim in the Complaint.  Each of Landmark's claims is based on eBay's exercise of its right to petition and right of free speech by submitting requests to the United States Patent and Trademark Office (PTO) for *ex parte* reexamination of three of Landmark's patents.  The PTO—a federal agency charged with quasi-judicial powers— determined that each reexamination request raised a substantial question of patentability and granted the requests to initiate formal reexamination proceedings.  At the end of its review, the PTO invalidated several claims of one patent and confirmed the claims of the other two patents.

---

[1] eBay moves in the alternative under the California anti-SLAPP statute, pursuant to Cal. Civ. Proc. Code § 425.16.

[2] SLAPP is an acronym for "strategic lawsuit against public participation."

Landmark subsequently filed this lawsuit, asserting various state tort claims against eBay based upon the requests for reexamination of the two patents that survived review.

Because Landmark's claims are based on eBay's exercise of its right to petition and right of free speech, the anti-SLAPP law applies.  Landmark therefore bears the burden of coming forward with "clear and specific" evidence sufficient to establish a prima facie case as to each element of its claims, and must also be able to defeat eBay's affirmative defenses.  *Id.* § 27.005(b)-(d).  This Landmark cannot do.  The evidence supports several affirmative defenses, including the litigation privilege, the *Noerr-Pennington* immunity, and preemption.  In addition, Landmark cannot produce clear and specific evidence sufficient to establish a prima facie case as to any claim.  Landmark previously filed a similar suit asserting many of the same claims against another defendant in a different jurisdiction (in the Central District of California) based on similar reexamination requests.[3]  The court dismissed all claims.  *See infra* at 12-13.  Those claims should fare no better in Texas than they did in California.[4]

Accordingly, eBay is entitled to dismissal of Landmark's claims pursuant to Texas Civil Practice and Remedies Code § 27.005. In addition, eBay is entitled to an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action pursuant to Texas Civil Practice and Remedies Code § 27.009(a)(1), as well as appropriate sanctions pursuant to Texas Civil Practice and Remedies Code § 27.009(a)(2).

---

[3] In *Lockwood v. Sheppard, Mullin, Richter & Hampton, LLP*, Landmark's founder alleged that the defendants filed fraudulent and misleading requests for reexamination of the same patents at issue in this case.  The district court dismissed the complaint on various grounds, including preemption, independent investigation doctrine, statute of limitations, and litigation privilege. *See* No. 09-cv-5157, 2009 WL 9419499 at *9-10 (C.D. Cal. Nov. 24, 2009), aff'd, 403 Fed. Appx. 508 (Fed. Cir. 2010).

[4] In the alternative, eBay is filing concurrently herewith a motion to dismiss for improper venue and lack of personal jurisdiction.

## II.     FACTUAL BACKGROUND

Landmark is the exclusive licensee of U.S. Patent Nos. 5,576,951, 6,289,319, and 7,010,508 (the "Patents").  The Patents are part of the same patent family and generally pertain to interactive, searchable computerized systems for selecting and ordering information, goods, and services.  Comp. ¶¶ 24, 25.  Since 2008, Landmark has asserted the Patents (and at times a subset of them) in dozens of actions against over one hundred operators of e-commerce websites.  *See* Declaration of Benjamin S. Lin ("Lin Decl."), Ex. A.  Over the past several years, Landmark has asserted the Patents against eBay's customers, some of which have requested indemnification from eBay.

In 2012, Defendant eBay Inc.'s outside counsel engaged Defendant Scott Harris to file requests for reexamination of the Patents.[5]  (*Id.* ¶ 7, n. 4); Lin Decl., Ex. B-D.  "Reexamination" is a quasi-judicial process by which any person may ask the PTO to reexamine the claims of an issued patent to determine their validity in light of cited prior art patents and publications. 35 U.S.C. §§ 301-307.  Upon such a request, the PTO independently reviews the prior art and determines whether the request raises a substantial question of patentability that was not raised during the PTO's initial examination of that patent.  *Id.* §§ 303-305.  If the PTO determines that such a new question exists with respect to one or more patent claims, then it reexamines those claims according to the procedures for initial examination.  *Id.*  The patentee may appeal any adverse determination to the Patent Trial and Appeal Board within the PTO and, ultimately, to the federal courts.  *Id.* § 306.

After independent review of eBay's reexamination requests, the PTO granted the requests and ordered reexamination of all three patents.  Lin Decl., Ex. E-G.  At the end of the

---

[5] Defendants eBay Inc., Scott C. Harris and Law Office of Scott C. Harris are hereinafter referred collectively as "Defendants."

reexamination proceedings, the PTO rejected 16 out of 25 claims of one patent, and confirmed the claims of the other two patents. *Id.*, Ex. H-J.  The PTO issued reexamination certificates for the latter two patents on January 9, 2013 and May 9, 2013, respectively.  *Id.*, Ex. K, L. Landmark is currently appealing the rejection of claims of the other patent to the Patent Trial and Appeal Board at the PTO.  *Id.*, Ex. M.

On May 8, 2014, Landmark filed the current action alleging that Defendants' act of petitioning the PTO to reexamine the two patents as to which all claims were confirmed was objectively frivolous and baseless.  Comp. ¶¶ 1-2.  The Complaint charges eBay and its agents with mischaracterizing the prior art patents and publications on which the reexamination requests were based.  It also alleges that Defendants "submitted the Requests without probable cause in that no reasonable attorney would have found the Requests tenable under the patent laws after prudent investigation of the alleged pieces of prior art and the law governing patent reexamination."  *Id.* ¶ 83.  Such allegations permeate the Complaint.  *See id.* ¶¶ 37-39, 44, 50-51, 55, 59-60, 65-66, 83.  Based on these allegations, Landmark asserts claims against Defendants for abuse of process, malicious prosecution, tortious and negligent interference with prospective business relations, and negligence.  *Id.* ¶¶ 72-108.

## III.   APPLICABLE LEGAL STANDARDS

### A.      General Legal Standards and Burdens Governing Anti-SLAPP Motions

Chapter 27 of the Texas Civil Practice and Remedies Code ("the anti-SLAPP statute") was intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."  Tex. Civ. Prac. & Rem.Code § 27.002.  To achieve this, the anti-SLAPP statute provides a means for a defendant, early in the lawsuit, to seek dismissal of certain

claims.  *See id.* § 27.003.

If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action pursuant to the anti-SLAPP statute.  *Id.* § 27.003(a).  The moving party must show by a preponderance of the evidence that this prerequisite is met.  *Id*. § 27.005(b).  If the moving party does so, the motion "**shall**" be granted unless the plaintiff "establishes by **clear and specific** evidence a prima facie case for each essential element of the claim in question."  *Id*. § 27.005(b), (c) (emphasis added).  Even if the plaintiff meets its burden, the statute mandates dismissal if the movant establishes an affirmative defense by a preponderance of the evidence.  *Id.* § 27.005(d).

In deciding a motion under the anti-SLAPP statute, the Court may consider the pleadings and "supporting and opposing affidavits stating the facts on which the liability or defense is based."  *Id.* § 27.006(a).  The "clear and specific evidence" by which the plaintiff must establish a prima facie case is "evidence unaided by presumptions, inferences, or intendments."  *Sierra Club v. Andrews County*, 418 S.W.3d 711, 715 (Tex. App.--El Paso 2013, pet. filed).  Only admissible evidence may be considered.  *See Williams v. Cordillera Communications, Inc.,* No. 2:13-cv-00124, 2014 U.S. Dist. LEXIS 79584 at *8, __F.Supp. 2d __ (S.D. Tex. June 11, 2014).

If dismissal is granted, "the court **shall** award to the moving party…court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require," as well as "sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter."  *Id.* § 27.009(a)(1), (2) (emphasis added).

**B.    The Anti-SLAPP Law Applies to State Law Claims Brought in Federal Court, Such as Landmark's Claims in This Action**

The Fifth Circuit has held that state anti-SLAPP statutes apply to state law claims brought in federal court.  *See Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168-69 (5th Cir. 2009); *Brown v. Wimberly*, No. 11-1169, 2011 WL 5438994, at *1 (E.D. La. Nov. 9, 2011) ("[T]he Fifth Circuit has recognized the validity of anti-SLAPP statutes in federal proceedings.").  Recently, in addressing the applicability of the Texas anti-SLAPP statute, the Fifth Circuit assumed that the statute applied in federal court and accepted jurisdiction of an interlocutory appeal of the denial of an anti-SLAPP motion by the U.S. District Court for the Southern District of Texas.  *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742 (5th Cir. 2014).  Also, a federal judge in Texas ruled explicitly that the anti-SLAPP statute applies to state law claims in federal court.  *See Williams,* 2014 U.S. Dist. LEXIS 79584 at *3-6.[6] These cases are in accord with Ninth Circuit rulings holding that California's anti-SLAPP statute, on which Chapter 27 is modeled, must be applied by federal courts applying California's substantive law.  *See, e.g., Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010).  This rule prevents a plaintiff from engaging in forum shopping between federal and state courts and avoids an "inequitable administration of the law."  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005) (per curiam) (reaffirming *Newsham*).  Thus, the anti-SLAPP statute applies in this court to Landmark's claims, all of which are based on state law.

---

[6] At least two other Texas federal district courts have applied the anti-SLAPP statute and granted motions to dismiss under the Act.  *See Culbertson v. Lykos*, No. 4:12-CV-03644, 2013 WL 4875069 (S.D. Tex. Sep. 11, 2013); *Monaco Entertainment Group, LLC v. City of El Paso, Texas*, No. 3:11-CV-00561-DB (W.D. Tex. Apr. 3, 2012).

### C.      eBay Would Also Prevail Under California's Anti-SLAPP Law

eBay brings this motion, in the alternative, under California's anti-SLAPP law.  The outcome should be the same regardless of which law applies.  California's anti-SLAPP statute is just as broad as, if not broader than, the Texas statute, providing for relief in any case where a plaintiff's claims arise from the defendant's right of petition and/or right of free speech in connection with a "public issue or an issue of public interest."  *See* Cal. Civ. Proc. Code § 465.16.[7]  Courts in Texas have looked to California decisions for guidance in interpreting Texas' own anti-SLAPP statute.  *See, e.g., Newspaper Holdings Inc. v. Crazy Hotel Assisted Living Ltd.*, 416 S.W.3d 71, 89 (Tex. App.--Houston [1st Dist.] 2013, pet. denied) (following the California Supreme Court's analysis of the commercial speech exemption).

## IV.    ALL OF LANDMARK'S CLAIMS ARE SUBJECT TO THE ANTI-SLAPP STATUTE BECAUSE THEY ARISE FROM EBAY'S ACTS IN FURTHERANCE OF ITS RIGHT TO PETITION AND RIGHT OF FREE SPEECH

### A.      Texas's Anti-SLAPP Statute Applies to All of Landmark Claims

Each of Landmark's claims against eBay is subject to dismissal under the anti-SLAPP statute because it is clear on the face of the Complaint that each of those claims is based on, relates to, and is in response to eBay's exercise of its right to petition and right of free speech.  *See* Tex. Civ. Prac. & Rem. Code § 27.003(a).  Specifically, each claim is based entirely on eBay's petitioning of the PTO to review the validity of the Patents through the *ex parte* reexamination procedure, and eBay's statements to the PTO in connection with those petitions.  For example, Landmark's abuse of process claim is based on the allegation that "Defendants made an illegal, improper, or perverted use of process before the USPTO in submitting erroneous and misleading Requests for reexamination of Plaintiff's Patents in violation of federal law[.]"

---

[7] A "public issue" or an issue or "public interest" is to be construed broadly.  Cal. Civ. Proc. Code § 465.16(a); *Nygard Inc. v. Uusi-Kerttula*, 72 Cal.Rptr.3d 210, 218 (2008).

Comp. ¶ 73.  Each of Landmark's other claims is based on similar allegations.  *See id.* ¶¶ 80, 92, 101, 104.

The filing of a request for reexamination with the PTO plainly constitutes an exercise of eBay's right to petition shielded by the anti-SLAPP statute.  The statute defines the "exercise of the right to petition" to include "a communication in or pertaining to an executive or other proceeding before a department of the…federal government or a subdivision of the…federal government."  Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(iii); *see In re Lipsky*, 411 S.W.3d 530, 541-42 (Tex. App.--Fort Worth 2013, orig. proceeding) (applying statute to claims based on statements to the EPA relating to exercise of "right to petition").  The PTO is a federal agency in the U.S. Department of Commerce that performs adjudicatory functions.  *See* 35 U.S.C. § 1; *Chamberlin v. Isen*, 779 F.2d 522, 524 (9th Cir. 1985) ("[I]t has long been recognized that PTO employees perform a 'quasi-judicial' function in examining patent applications"); *United States v. American Bell Tel. Co.*, 128 U.S. 315, 363 (1888) ("The patent…is the result of a course of proceeding, quasi-judicial in its character."); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995) ("Patent applications…are reviewed by patent examiners, quasi-judicial officials trained in the law and presumed to have some expertise in interpreting the [prior art] reference….") (internal quotation omitted).  Patent reexamination proceedings before the PTO are official proceedings established by federal law.  *See* 35 U.S.C. § 302.  Thus, eBay's reexamination requests constitute communications made in or pertaining to an executive proceeding before a department of the federal government, and fall within the protection of the right to petition under the anti-SLAPP statute.[8]

---

[8] An exercise of the right to petition also includes "a communication reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding."  Tex. Civ. Prac. & Rem.

In addition, eBay's petitions to and communications with the PTO represent an exercise of its right of free speech.  According to the plain text of the anti-SLAPP statute, "exercise of the right of free speech" means "a communication made in connection with a matter of public concern," which, in turn, includes issues related to "economic…well-being" or "the government." Tex. Civ. Prac. & Rem. Code § 27.001(3), (7).  Patent reexamination relates to both issues because it involves the validity of patent rights conferred by the government to exclude others from exploiting a claimed invention for the statutory term of the patent.  *See Atari Games Corp. v. Nintendo of Am. Inc.*, 897 F.2d 1572, 1576 (Fed. Cir. 1990) ("Congress gave inventors the right to obtain patents on their inventions and thereby gain the right to exclude others from making, using or selling the invention[.]").  The purpose of reexamination is to allow the PTO, with its expertise in the patent field, to resolve issues concerning prior art and to strengthen confidence in the patent system in the face of doubtful patents that may not have been sufficiently tested against prior art before issuance.  See *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (Congress intended reexaminations "to provide an important 'quality check' on patents that would allow the government to remove defective and erroneously granted patents.") (citing H.R. Rep. No. 107-120 (2002)).  Thus, eBay's communications with the PTO to correct errors made by the government implicate matters of public concern within the meaning of the anti-SLAPP statute.

### B.   The Same Result Would Be Achieved Under California's Anti-SLAPP Statute

eBay brings this motion in the alternative under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  Regardless of whether the Texas or California statute governs, eBay

---

Code § 27.001(4)(C).  Here, petitioning to the PTO in the form of reexamination requests is likely to encourage (and in fact led to) consideration or review by the PTO (an executive governmental body) of whether Landmark's patents are valid.

should prevail.  Like the Texas statute, the California anti-SLAPP law establishes a two-part procedure for dismissing SLAPP suits.  First, the defendant must show that the lawsuit arises from an "act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue."  *Id.* § 425.16(b).  Upon such a showing, the burden shifts to the plaintiff to prove that "there is a probability that the plaintiff will prevail on the claim."  *Id.*  Like the Texas statute, this requires that the plaintiff proffer admissible evidence sufficient to establish a prima facie case as to each claim element and to defeat any affirmative defenses established by the defendant.  *See Jay v. Mahaffey*, 161 Cal. Rptr. 3d 700, 710-11 (2013).  If the plaintiff fails to prove such a probability of success in opposing the defendant's motion to strike, the complaint must be stricken and the prevailing defendant must be awarded its attorney's fees and costs.  Cal. Civ. Proc. Code § 425.16(c).

The statute defines "an act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" to include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).  Under Cal. Civ. Proc. Code § 425.16(e)(1) and (e)(2), all petition-related activity before, or in connection with an issue under consideration by, a governmental body is protected, regardless of whether the activity concerns a public issue.  *Vergos v. McNeal*, 53 Cal. Rptr. 3d 647, 653-54 (2007).  The filing of a request for

reexamination with the PTO plainly constitutes petition-related activity before a government body.  *See supra* at 7-9.  Also, the PTO is an official adjudicatory body, so the requests eBay filed were statements made "in connection with an issue under consideration" by an official adjudicatory body under Cal. Civ. Proc. Code § 425.16(e)(2).  *See Chamberlin v. Isen*, 779 F.2d 522, 524 (9th Cir. 1985) ("[I]t has long been recognized that PTO employees perform a 'quasi-judicial' function in examining patent applications.").

Under Cal. Civ. Proc. Code § 425.16(e)(3) and (e)(4), eBay's reexamination requests also qualify as protected free speech in connection with an issue of public interest.  The term "issue of public interest" has been broadly interpreted by California courts to include "any issue in which the public is interested," even if not "significant."  *Nygard Inc. v. Uusi-Kerttula*, 72 Cal. Rptr. 3d 210, 220 (2008).  The reexamination process brings potentially invalid or overbroad patents to the attention of the PTO with the help of third parties like eBay.  *Supra* at 9.  Accordingly, eBay's communications with the PTO is undoubtedly an issue in which the public is interested within the meaning of section 425.16(e).

## V.     LANDMARK'S CLAIMS MUST BE DISMISSED BECAUSE THE EVIDENCE SUPPORTS SEVERAL AFFIRMATIVE DEFENSES AND BECAUSE LANDMARK CANNOT PRODUCE CLEAR AND SPECIFIC EVIDENCE SUFFICIENT TO ESTABLISH A PRIMA FACIE CASE AS TO ANY CLAIM

Because Landmark's claims arise out of eBay's exercise of its rights to petition and free speech, thus bringing those claims within the ambit of the anti-SLAPP statute, those claims must be dismissed unless Landmark "establishes by clear and specific evidence a prima facie case for each essential element of the claim[s]…."  Tex. Civ. Prac. & Rem. Code § 27.005(c).  In fact, as explained below, Landmark cannot establish a *prima facie* case for any of its claims (abuse of process, malicious prosecution, tortious and negligent interference with prospective business relations, and negligence) because each suffers from claim-specific defects that merit dismissal.

Moreover, each of Landmark's claims is subject to several affirmative defenses including the litigation privilege, the *Noerr-Pennington* immunity, and preemption, which provide independent grounds for dismissal as a matter of law.  *See id.* § 27.005(d).

### A.   Landmark's Claims Are Barred by the Litigation Privilege Because They Stem From Communications Made During a Quasi-Judicial Proceeding

All of Landmark's claims must be dismissed for the initial reason that they are barred by the litigation privilege.  Texas law "recognizes a privilege for any communication, oral or written, uttered or published in the due course of a judicial proceeding."  *Intel Corp. v. Intel-Logistics, Inc.*, No. 05-cv-2255, 2006 U.S. Dist. LEXIS 34361, at *3 (S.D. Tex. May 30, 2006) (citing *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 913 (Tex. 1942)) (internal quotation omitted).  The rule "applies to communications related to both proposed and existing judicial and quasi-judicial proceedings," regardless of the falsity of the statement or malice of the speaker. *Johnson v. Wichita Falls Housing Authority*, No. 2-06-416-cv, 2007 Tex. App. LEXIS 9192, *9 (Tex. App.--Fort Worth Nov. 21, 2007, no pet.) (citing *Reagan*, 166 S.W.2d at 912).

The privilege applies here because all of Landmark's claims against eBay are based entirely on eBay's communications to the PTO related to its reexamination requests, which are quasi-judicial proceedings.  *See supra* at 7-9 (Landmark's claims are based on eBay's petitioning activity), 8 (patent reexamination proceedings in the PTO are quasi-judicial); *see also Intel Corp.*, 2006 U.S. Dist. LEXIS 34361 at *4 (dismissing counterclaims for tortious interference and business disparagement based on filing of complaint and statements made in complaint and subpoenas, because those acts were covered by the litigation privilege).  At least one case has expressly held that patent reexaminations are quasi-judicial proceedings to which the litigation privilege applies—a case filed by Landmark's founder involving the same patents as those at issue here.  *See Lockwood v. Sheppard, Mullin, Richter & Hampton, LLP*, No. 09-cv-5157, 2009

WL 9419499 at *9-10 (C.D. Cal. Nov. 24, 2009), *aff'd*, 403 Fed. Appx. 508 (Fed. Cir. 2010).

That ruling has collateral estoppel effect on Landmark here on the issue of the litigation

privilege's application to claims arising out of patent reexamination requests because Landmark

is in privity with Lawrence Lockwood, the plaintiff in that case. *See Ackerman v. American*

*Airlines*, 924 F. Supp. 749,752-54 (N.D. Tex. 1995) (doctrine of collateral estoppel bars

litigation of issue raised and litigated in previous suit); *Smith v. Texas*, No. H-12-469, 2012 U.S.

Dist. LEXIS 165620, at *29-33 (S.D. Tex. Oct. 26, 2012) (same); *Watts v. XL Sys., L.P.*, No.

1:06-CV-653 at *13-17, 2008 U.S. Dist. LEXIS 108128 (W.D. Tex. Jul. 2, 2008) (discussing

privity); Comp. ¶ 3 (Lockwood is "the managing member and founder of Plaintiff

Landmark….").

### B.     Landmark's Claims Are Barred by the *Noerr-Pennington* Doctrine

Landmark's claims must also fail because eBay's requests for reexamination are entitled

to immunity under the *Noerr-Pennington* Doctrine.  The *Noerr-Pennington* Doctrine, established

by the U.S. Supreme Court, dictates that a party is immune from prosecution or lawsuit based on

its valid exercise of its constitutional right to petition the government.  *See Eastern Railroad*

*Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 137-138 (1961) (ruling that a

railroad's anti-competitive anti-trucking political campaign could not be deemed a violation of

the Sherman Act); *United Mine Workers of America v. Pennington*, 381 U.S. 657,  670 (1965)

(ruling that anti-competitive lobbying for higher minimum wage laws, as a political activity, did

not violate the Sherman Act).   The Supreme Court has clarified that petitions to courts or

administrative agencies are also entitled to *Noerr-Pennington* immunity.  *California Motor*

*Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 509 (1972).

While the *Noerr-Pennington* Doctrine was originally applied to immunize protected

petitioning from anti-trust law claims, courts have extended the doctrine to confer immunity

against other supposed legal violations predicated on the right to petition.  *See Sierra Club v. Butz*, 349 F. Supp. 934, 938-39 (N.D. Cal. 1972) (applying Doctrine to contractual interference claim); *National Industrial Sand Ass'n v. Gibson*, 897 S.W.2d 769, 774 (Tex. 1995) (applying Doctrine to conspiracy claim).  The Fifth Circuit has recognized that the Doctrine extends to common law torts as well: "There is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust."  *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988).  Indeed, Texas courts have applied the Doctrine to bar many of the state law tort claims at issue here.  *See RRR Farms v. American Horse Protection Ass'n*, 957 S.W.2d 121, 125, 131 (Tex. App.--Houston [14th Dist.] 1997, writ denied) (Doctrine barred tortious interference, malicious prosecution, and abuse of process claims); *SignAd, Inc. v. Billboards Limited! , Inc.*, No. B14-88-00485-CV, 1989 Tex. App. LEXIS 2668 at *5-6 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (Doctrine barred tortious interference with business relations claim).

Here, eBay's requests for reexamination constituted an exercise of its right to petition the PTO to address a grievance.  *See supra* at 7-9.  Such an act is entitled to *Noerr-Pennington* immunity, and this Court cannot allow a petition for administrative relief to be the basis for Landmark's state tort claims.  *See Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993) (*Noerr-Pennington* immunity applies to petitions to administrative agencies).

The only exception to the application of *Noerr-Pennington* immunity is where the defendant's petitioning activity was a "sham" that was "not genuinely aimed at procuring favorable government action."  *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S.492,

500 & n.4 (1988).  An act of petition is a "sham" only if the petition is "so baseless that *no reasonable litigant could* realistically expect to secure favorable relief."  *Prof'l Real Estate Investors*, 508 U.S. at 62 (emphasis added).  Further, even if the petition is objectively meritless, the petition will not be deemed a "sham" unless the plaintiff can also prove that the defendant subjectively intended to "interfere directly with the business relationships of a competitor through the use of the governmental process -- as opposed to the outcome of that process."  *Id.* at 60-61 (internal quotation omitted).  In addition, "a successful effort to influence governmental action certainly cannot be characterized as a sham." *Id.* at 58.

Landmark cannot come close to establishing conduct sufficient to invoke the "sham" exception for several reasons.  First, eBay's reexamination requests prompted the PTO to initiate a full reexamination of the validity of the patents.  Lin Decl., Ex. E, F.  The requests were, therefore, successful.  *See* 35 U.S.C. §§ 303-304 (PTO issues order initiating full reexamination only if requestor successfully shows there is "a substantial new question of patentability").  A successful effort to influence government action cannot be a sham.  *Allied Tube*, 486 U.S.at 502; *Prof'l Real Estate Investors*, 508 U.S. at 58.

Second, Landmark cannot show that the requests for reexamination were so objectively baseless that "no reasonable litigant could realistically expect to secure favorable relief."  *See Prof'l Real Estate Investors*, 508 U.S. at 62.  Landmark's complaint is rife with unsupported allegations that eBay misconstrued claim terms or mischaracterized prior art, but none of these allegations are actually supported by any evidence, let alone "clear and specific evidence" that eBay's petitions were completely baseless.  Tex. Civ. Prac. & Rem. Code § 27.005(c)-(d).  For example, Landmark alleges that the PTO ultimately found "that the Defendants' submitted prior art actually taught away from the Patents' claims, and would not have raised any new question of

patentability, had the Defendants truthfully set forth the Patents' claims' definitions."  Comp.

¶¶ 38.  But the PTO made no such findings.  Instead, the reexamination history merely reflects

the examiner's determination that the combination of prior art references did not support a

rejection under 35 U.S.C. § 103.  Lin Decl., Ex. H at 31-32.  Indeed, the PTO records completely

undermine Landmark's claim that the initial requests were baseless because they reflect the

PTO's finding of a substantial question of patentability for all three of eBay's reexamination

requests.  Lin Decl., Ex. E-G.  This fact by itself is dispositive on the issue of whether the

requests were objectively baseless.  *See Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg.*

*Corp.*, No. C-92-3330, 1995 WL 552168 at *12-13 (N.D. Cal. Aug. 30, 1995) (prevailing on a

preliminary injunction refutes a "sham" proceeding argument).  In addition, the PTO ultimately

invalidated several claims in one of the three challenged Landmark patents.[9]  Lin Decl., Ex. J.

Therefore, the requests could not have been so objectively baseless as to justify the sham

exception.

Finally, Landmark cannot prove, as it must, that eBay's reexamination requests were

made with subjective intent to interfere with Landmark's business relationships.  *See Prof'l Real*

*Estate Investors*, 508 U.S. at 60-61.  Consistent with the purpose of the reexamination process,

eBay filed the reexamination requests in order to challenge the validity of the Landmark patents.

Landmark's accusations about eBay's business motives are pure speculation, unsupported by the

"clear and specific evidence" of subjective intent required to avoid *Noerr-Pennington* immunity

and dismissal of its claims.  *See* Tex. Civ. Prac. & Rem. Code § 27.005(c) ("clear and specific

---

[9] Landmark does not rely on the request for reexamination of the '508 Patent as a basis for this
lawsuit, but the '508 Patent is in the same patent family as the other two patents and is frequently
asserted in Landmark's patent litigations. Lin Decl., Ex. D at 16.  All three reexamination
requests were filed by eBay substantially concurrently as part of a single course of conduct. *Id.*,
Ex. B-D.  The mostly successful '508 reexamination request thus cannot be ignored in evaluating
the objective reasonableness of the other two requests.

evidence" required to avoid dismissal under anti-SLAPP statute).

Because eBay's actions are entitled to *Noerr-Pennington* immunity and Landmark cannot demonstrate clear and specific evidence showing otherwise, eBay has a complete defense to each of Landmark's claims.

### C.    Landmark's Claims Are Preempted by Federal Law

A third reason why each of Landmark's claims must be dismissed is that they are preempted by federal law.  Under the Supremacy Clause, state law that conflicts with federal law is without effect.  *See* U.S. Const. art. VI, cl. 2; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 168 (1989); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1331 (Fed. Cir. 1998), *overruled in part on other grounds*.  Preemption can be any of three types: explicit, field, or conflict.  *See Hunter Douglas*, 153 F.3d at 1332.  Both field and conflict preemption apply here.  Under field preemption, state law is preempted when it regulates conduct in a field that Congress intends to occupy exclusively.  *Id.*  Conflict preemption occurs when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979); *see also Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377 (Fed. Cir. 2005).  Here, Landmark's claims are preempted because they seek to have state law applied in manner that would (1) regulate conduct before a federal agency, and (2) interfere with the accomplishment and execution of Congress's objectives in enacting federal patent law and giving the PTO regulatory authority (including disciplinary authority) with respect to patent reexamination proceedings.

State law claims based on allegedly false or frivolous claims to federal agencies, such as Landmark's claims here, are impliedly preempted.  *See, e.g., Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341, 348 (2001) ("state-law fraud-on-the-FDA claims conflict with, and are

therefore impliedly pre-empted by federal law."); *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d

1199, 1203-08 (9th Cir. 2002) (claim of fraud against the EPA was preempted).  In *Buckman*, the

Supreme Court justified its preemption finding in part on the observation that "[p]olicing fraud

against federal agencies is hardly a field which the States have traditionally occupied…."  531

U.S. at 347.  Further, "[s]tate-law fraud-on-the-FDA claims inevitably conflict with the FDA's

responsibility to police fraud consistently with the Agency's judgment and objectives."

*Buckman*, 531 U.S. at 350.

     In accordance with these principles, courts have found state law claims based on alleged

misconduct in PTO proceedings to be preempted.  For example, in *Abbott Labs. v. Brennan*, the

Federal Circuit held preempted an abuse of process claim based on allegations that the counter-

defendant had committed inequitable conduct in applying to the PTO for a patent.  952 F.2d

1346, 1355-57 (Fed. Cir. 1991).

> [T]he federal administrative process of examining and issuing patents, including
> proceedings before the PTO's boards, is not subject to collateral review in terms
> of the common law tort of abuse of process.  The PTO procedures themselves
> provided a remedy for Abbott's malfeasance.  An additional state action would be
> an inappropriate collateral intrusion on the regulatory procedures of the PTO …
> and is contrary to Congress' preemptive regulation in the area of patent law.

*Id.* at 1357 (internal citations and footnote omitted).  And in *Lockwood  v. Sheppard, Mullin,*

*Richter & Hampton LLP*, the district court relied on *Buckman* in holding preempted malicious

prosecution and fraud claims based on requests for reexamination of the *same Landmark patents*

*that are at issue here*.  No. CV 09–5157–JFW, 2009 WL 9419499, *7, *11 (C.D. Cal. Nov. 24,

2009), *aff'd*, 403 Fed. Appx. 508 (Fed. Cir. 2010).  As in this case, the plaintiff in *Lockwood*

alleged that the defendant had fraudulently mischaracterized prior art patents and publications it

submitted to the PTO in connection with the requests for reexamination.  *Id.* at *3.

     These authorities compel the conclusion that all of Landmark's claims are precluded

because they all are "no more than [claims alleging] bad faith misconduct before the PTO."[10]

*See Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1477 (Fed. Cir. 1998).[11]  Each amounts

to a state-law fraud-on-the-PTO claim that, like the claims addressed in the above-cited cases,

would conflict with the PTO's responsibility to police fraud under its own regulatory scheme.

The PTO does in fact have detailed disciplinary rules and procedures that apply to reexamination

requests.  *See* 37 C.F.R. §§ 10.1-10.170;[12]  *see also Arizona v. United States*, 132 S. Ct. 2492,

2501-02 (2012) (concluding that the existence of detailed federal remedial schemes supports

preemption).

Allowing Landmark's claims to proceed would also frustrate Congress's objective of

encouraging patent reexamination to promote patent quality control and efficient dispute

resolution.  The patent reexamination statute states that "[a]ny person at any time may file a

request for reexamination by the Office of any claim of a patent on the basis of any prior art cited

under the provisions of section 301 of this title."  35 U.S.C. § 302.  Congress intended

reexaminations "to provide an important 'quality check' on patents that would allow the

---

[10] Indeed, the *Lockwood* decision has collateral estoppel effect here on the issue of whether Landmark's claims are preempted by federal law.  *See supra* at 12-13.

[11] The *Dow* court held that a state law claim for intentional interference with contractual relations was *not* preempted by the federal patent laws.  139 F.3d at 1475-79.  However, that was because the interference claim in that case was "not premised upon bad faith misconduct in the PTO, but rather is premised upon bad faith misconduct in the marketplace."  *Id.* at 1477.  Specifically, the claim was based on the allegation that the defendant, after obtaining a patent through inequitable conduct, had threatened to sue the plaintiff's customers for patent infringement.  *Id.* at 1472.  It was this extra element of "interfering communications" with players in the marketplace "and the disruption and damages therefrom" that took the claim outside the scope of federal preemption.  *See id.* at 1477.  Here, Landmark asserts no such marketplace wrongdoing in connection with its claims for interference with prospective economic advantage or any other claim.  Rather, all of its claims are based solely on Defendants' alleged misconduct in the PTO proceedings.  Thus, all of Landmark's claims are preempted.

[12] These rules were in effect at the time of the reexamination requests at issue here.  They were amended and superseded effective as of May 3, 2013.  The new rules are codified at 37 C.F.R. §§ 11.01-11.901.

government to remove defective and erroneously granted patents." *In re Swanson*, 540 F.3d 1368, 1375 (Fed. Cir. 2008) (citing H.R. Rep. No. 107-120 (2002)); *see also In re Recreative Technologies Corp.*, 83 F.3d 1394, 1396-97 (Fed. Cir. 1996) ("The reexamination statute's purpose is to correct errors made by the government…and if need be to remove patents that never should have been granted.") (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 604 (Fed. Cir. 1985)).  Congress also wanted a statutory scheme that "encourages third parties to pursue reexamination as an efficient way of settling patent disputes."  H.R. Rep. No. 107-120.  To advance these objectives, Congress established a lenient standard requiring only a "substantial new question of patentability" to grant a reexamination request and initiate formal reexamination proceedings.  35 U.S.C. §§ 303-304.  To avoid interference with Congress's statutory scheme, the Court should deem Landmark's claims preempted and grant eBay's motion to dismiss.

### D.    Each of Landmark's Claims Suffers From Additional Claim-Specific Defects That Merit Dismissal

In addition to the grounds for dismissal discussed above that apply equally to all of Landmark's claims, each of those claims should be dismissed for additional, claim-specific reasons.

#### 1.    Landmark Cannot Meet Its Burden to Avoid Dismissal of Its Abuse of Process Claim

Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose.  *Montemayor v. Ortiz*, 208 S.W.3d 627, 649 (Tex. App.--Corpus Christi 2006, pet. denied).  Such "process must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he would not otherwise be compelled to do."  *See RRR Farms v. Am. Horse Protection Ass'n*, 957 S.W.2d at 133.  The elements for abuse of process are:  (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose

in exercising such use, and (3) damage as a result of the illegal act.  *Id.*  A critical aspect of this tort is the improper use of the process **after** it has been issued.  *Id.*

As an initial matter, Landmark's abuse of process claim fails because the state law tort of abuse of process applies only to wrongful conduct in judicial proceedings, not administrative proceedings.  *See Competitive Technologies v. Fujitsu, Ltd.*, 286 F. Supp.2d 1118, 1155 (N.D. Cal. 2003) (dismissing abuse of process counterclaim based on a proceeding before the International Trade Commission).  As the court stated in *Competitive Technologies*, "[t]he process that is alleged to have been abused must be a judicial process, and courts have rejected claims based on administrative proceedings – even quasi-administrative proceedings."  *Id.*  Here, because Landmark's abuse of process claim arises from alleged misconduct before the PTO and therefore is not directed to a misuse of the judicial process, it must be rejected.

Second, abuse of process is inapplicable because reexamination proceedings do not involve any "process."  The term "process" refers to an "individual writ issued by a court during or after litigation" and is traditionally defined as, "(t)he writ, summons, mandate or other process which is used to inform the defendant of the institution of (judicial) proceedings against him and to compel his appearance…in court."  *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex. App.-- Victoria County, 1978, writ ref'd n.r.e.) (internal quotations omitted).  By contrast, an *ex parte* reexamination proceeding is not conducted by a court, is not directed against a party, and does not compel a party to appear pursuant to the institution of a judicial proceeding.  *See* 35 U.S.C. §§ 303-305.  Thus, no "process" exists.

Third, Landmark has not alleged and cannot prove that eBay *misused* any process. "Maintaining an abuse of process cause of action requires an improper use of the process **after** its issuance."  *RRR Farms*, 957 S.W.2d at 133 (emphasis added); *see also Montemayor,* 208

S.W.3d at 650 ("If wrongful intent or malice caused the process to be issued initially, the claim is instead one for malicious prosecution.").  An abuse of process does not arise from the mere filing and maintenance of an action.  *RRR Farms*, 957 S.W.2d at 134 ("Merely issuing or procuring process, even if accompanied by malicious intent or probable cause is not actionable.").  Here, eBay's only involvement in the reexamination proceedings was the initiation of those proceedings by filing requests for reexamination.  Lin Decl., Ex. B-D.  Indeed, eBay was barred by law from any further involvement.  *See Syntex (U.S.A.), Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570, 1573 (Fed. Cir. 1989) ("[T]he statute specifically prohibits further participation by third party requesters during reexamination.").  Because an abuse of process claim cannot be based on the mere initiation of a legal proceeding, Landmark's claim against eBay cannot survive.

Finally, Landmark has no evidence that eBay sought to use the reexamination process to perform any function other than that intended by law:  challenging the validity of Landmark's patents.  Therefore, Landmark cannot establish a prima facie case for the element of this claim requiring an ulterior motive in using the process.  *RRR Farms*, 957 S.W.2d at 133-34.  Nor is Landmark able to show any damages resulting from eBay's actions, as required for an abuse of process claim.  *See id.*

### 2.      Landmark Cannot Meet Its Burden to Avoid Dismissal of Its Malicious Prosecution Claim

In order to maintain an action for malicious prosecution in Texas, a party must plead and prove that:  1) a civil judicial proceeding was previously filed; 2) the defendant in the malicious prosecution case caused the original suit to be filed; 3) the commencement of the original proceeding was malicious; 4) no probable cause existed for the filing of the original pleading; 5) the original suit was terminated in favor of the party prosecuting the later malicious

prosecution action, and 6) damages conforming to the legal standards under Texas law.  *Martin v. Trevino*, 578 S.W.2d at 766.  Landmark cannot make a prima facie showing sufficient to sustain a judgment in its favor with respect to any, much less all, of these elements.

### a.   Landmark Has Not Pled and Cannot Produce Evidence of Special Damages

In order to recover for malicious prosecution, the plaintiff must have suffered a "special injury," consisting of some physical interference with the plaintiff's person or property in the form of an arrest, attachment, injunction, or sequestration.  *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996) (on reh'g).  This requirement is sometimes referred to as the "special damage rule."  *Martin v. Trevino*, 578 S.W.2d at 766.  A pleading that does not allege some interference with the complainant's person or property fails to state a cause of action for malicious prosecution and is fatally defective.  *Id.; Ameristar Jet Charter, Inc. v. Cobbs*, 184 S.W.3d 369 (Tex. App.--Dallas 2006, no pet.).

When there is no wrongful act other than the initiation of a groundless proceeding, the injured party has no cause of action for malicious prosecution; the party's only remedy is the recovery of costs by rule at the conclusion of the proceeding.  *Louis v. Blalock*, 543 S.W.2d 715, 715-19 (Tex. App.--Amarillo 1976, writ ref'd n.r.e.); *Texas Beef Cattle Co.*, 921 S.W.2d at 210. Damages that a party sustains merely as a result of being sued are not considered to be such an interference with the person or property of the party as will support an action for malicious prosecution.  *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 131 (Tex. App.--Houston [14th Dist.] 1994, no writ) (damages caused by mere filing of legal malpractice action do not support action for malicious prosecution).

Here, Landmark has not alleged, and cannot prove, that it has suffered any special damages as a result of the reexamination proceedings.  Although Landmark claims that the

reexamination requests required it to expend "exorbitant amounts of money and time to defend the Patents during the reexamination process" (Comp. ¶¶ 76, 91), and had a detrimental effect on its licensing program (*Id.* ¶¶ 66, 77, 86, 91-93), such harm does not constitute the "special damages" required by Texas law.

**b.** **Landmark's Malicious Prosecution Claim Is Barred by the Independent Investigation Doctrine Because the PTO Independently Instituted Reexamination Proceedings**

Landmark's malicious prosecution claim also fails under the independent investigation doctrine. A party may not sue for malicious prosecution where the proceeding at issue was commenced after an independent investigation of the defendant's charges by the responsible authorities. *See Davidson v. First State Bank of Andrews*, 310 S.W. 2d 678, 679 (Tex. App.—El Paso 1958, no writ) (no malicious prosecution when "defendants, as they had every right to do, merely caused the situation to be communicated to the district attorney, who…testified he made an independent investigation."); *Petty v. Venable, Baetjer, Howard & Civiletti, LLP*, No. 3:02-cv-1449, 2004 WL 1629774 (N.D. Tex. July 20, 2004) (dismissing plaintiffs' cause of action for malicious prosecution under independent investigation doctrine).

In *Petty*, the plaintiffs claimed that the defendant was liable for malicious prosecution because it instigated a criminal proceeding against them by sending a letter to the Environmental Protection Agency (EPA) and providing the EPA with false statements. 2004 WL 1629774 at *1. They asserted that the defendant's actions initiated their prosecution, and that the government relied on the false statements rather than its own investigation to prosecute them. *Id.* The court held that a person does not "procure" a prosecution "**when the decision whether to prosecute is left to the discretion of another**, including a law enforcement official or the grand jury, unless the person provides information which he knows is false." *Id.* at *3 (emphasis added). After evaluating the evidence, the court held that a reasonable jury could not find that

the defendant provided false information, and concluded that the plaintiffs failed to adduce proof concerning the essential element of their malicious prosecution claim that the defendant procured the criminal prosecutions of the plaintiffs.  *Id.* at *3-4, *9.

Here, the statutes and regulations governing reexamination proceedings in the PTO confirm that the independent investigation doctrine applies to the present case because a patent examiner exercises independent discretion in initiating a reexamination proceeding.  *See* 35 U.S.C. § 303(a); 37 C.F.R. § 1.515(a); MPEP §§ 2240, 2244; *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 485 (Fed. Cir. 1985) (discussing reexamination requests: "In assessing the risk that an erroneous deprivation will ensue, we take notice that *a patent examiner is charged with the experience appropriate to make independent determinations.*") (emphasis added).  The doctrine bars Landmark's malicious prosecution claim unless Landmark comes forward with evidence sufficient to establish that eBay made knowingly false statements that induced the patent examiner to initiate the reexamination proceedings.  *See* Petty, 2004 WL 1629774 at *3. Landmark cannot do so.  Even if Landmark's allegation that eBay knowingly mischaracterized prior art in its reexamination requests were true, alleged mischaracterizations of prior art are not material because the patent examiner is charged with independently reviewing them and has the expertise to do so.  *See Akzo N.V. v. United States Int'l Trade Comm'n*, 808 F.2d 1471, 1481-82 (Fed. Cir. 1986).  Thus, establishing that such mischaracterizations were made would not defeat eBay's independent determination defense.

In *Lockwood*, the Central District of California case in which the court dismissed similar claims involving requests for reexamination of the same Landmark patents at issue here, the court relied on the independent investigation doctrine as one of several grounds for dismissing the plaintiff's malicious prosecution claim.  2009 WL 9419499 at *8.  The *Lockwood* court

rejected the assertion that the PTO relied on the defendant's allegedly false statements rather than its independent investigation in initiating the reexamination proceedings.  *Id.*[13]  As in *Lockwood*, Landmark's allegations of fraud, even if true (which they are not), are insufficient to establish that the PTO did not rely on its own independent investigation in deciding to institute the formal reexamination proceedings.  Therefore, the malicious prosecution claim cannot stand.

### 3.   Landmark Cannot Meet Its Burden to Avoid Dismissal of Its Tortious Interference With Prospective Business Relations Claim

#### a.   Landmark Cannot Establish a Prima Facie Case of Tortious Interference With Prospective Business Relations

In Texas, a claim for tortious interference with prospective business relations has four elements.  Landmark cannot prove any of them.

The first element is a "reasonable probability" that the plaintiff would have entered into the prospective relationship or contract.  *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 414 (Tex. App.--Waco 2001, pet. denied).  Landmark has failed to allege any specific prospective relationships or contracts, much less the reasonable probability that such a relationship or contract would have developed absent eBay's alleged interference.

The second element is an "independently tortious or wrongful act" by the defendant that prevented the relationship from occurring.  *Id.* at 415; *Wal-Mart Stores v. Sturges,* 52 S.W.3d 711, 726 (Tex. 2001).  eBay's alleged conduct – filing allegedly false and unsupported requests for reexamination with the PTO – is not actionable as a recognized tort as established in the other sections of this Motion.

The third element is a conscious desire by the defendant to prevent the relationship from occurring, or knowledge that the interference was certain or substantially certain to occur as a

---

[13] The *Lockwood* ruling has collateral estoppel effect here on the issue of the application of the independent investigation doctrine to patent reexamination proceedings.  *See supra* at 12-13.

result of the defendant's conduct.  *Ash*, 54 S.W.3d at 415.  Landmark has no evidence that eBay knew about any of Landmark's prospective contractual relationships, much less that eBay intended to interfere with those relationships.

The last element is actual harm or damage to the plaintiff proximately caused by the defendants' unlawful interference.  *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 659 (Tex. App.--Corpus Christi 1991, writ denied); *Leonard Duckworth, Inc. v. Michael L. Field & Co.*, 516 F.2d 952, 956 (5th Cir. 1975).  Here, the PTO's duty to conduct an independent investigation into the merits of the reexamination requests negates any proximate cause.  *See supra* at 24-26.  In particular, the patent examiner had the actual prior patents and printed publications cited by eBay before her throughout the reexamination process.  As a result, the examiner was free to reach her own conclusions regardless of what eBay had argued.  *See Akzo N.V. v. United States Int'l Trade Comm'n*, 808 F.2d 1471, 1482 (Fed. Cir. 1986) (rejecting inequitable conduct defense to patent infringement based on patentee's allegedly misleading statements to PTO regarding prior art because patent examiner had the prior art before him throughout examination process).

A single missing element will defeat Landmark's claim for tortious interference with prospective business relations.  As shown above, all four elements are missing, and the claim should therefore be dismissed.

### b.    Landmark's Claim for Tortious Interference With Prospective Business Relations Is Barred by the Defense of Justification

Even if Landmark could establish a prima facie case of tortious interference, eBay would still prevail on that claim based on the affirmative defense of justification.  *Texas Beef Cattle Co.*, 921 S.W.2d at 210 (Tex. 1996).  The justification defense is based on the exercise of either (1) one's own legal rights or (2) a good-faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken.  *Id.* at 211.  In this case, eBay was simply exercising its

right to petition the government to reexamine Landmark's patents,[14] so it is not subject to liability.  *See* 35 U.S.C. § 302 ("Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art…").

> **4.    Landmark's Claim for Negligent Interference With Prospective Business Relations Should Be Dismissed Because Negligent Interference Is Not Actionable**

Texas does not recognize the tort of negligent interference with prospective business relations.  The Texas Supreme Court has clarified that the independent tortious conduct and intent elements discussed in the preceding section are in place to address the competition privilege issues that often arise in the context of interference claims.  *See, e.g., Wal-Mart Stores*, 52 S.W.3d at 721-27 (2001).  Accordingly, cases have characterized interference with business relations as an intentional tort.  *See, e.g., Tippett v. Hart*, 497 S.W.2d 606, 609 (Tex. App.--Amarillo), *ref. n.r.e. per curiam*, 501 S.W.2d 874 (Tex. 1973).  In this regard, Texas stands with the majority of jurisdictions in holding that negligent interference with either an actual or prospective contract is not actionable.  *See* Restatement (Second) of Torts § 766C; *Strickland v. Joeris*, No. 04-11-00626-CV, 2012 Tex. App. LEXIS 9841 at *19 (Tex. App.--San Antonio Nov. 30, 2012, no pet.) (not designated for publication).  Thus, Landmark's claim for negligent interference with prospective business relations is premised on an unrecognized tort and should be dismissed.

> **5.    Landmark Cannot Establish Any Element of Its Negligence Claim**

Landmark cannot establish negligence by clear and specific evidence.  The elements of the cause of action are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach.  *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109,

---

[14] Any argument by Landmark that eBay had no legal right to file an allegedly false or baseless reexamination request is addressed by eBay's prior arguments in this Motion.

113 (Tex. 2013).  None of those elements are present here.

First, Landmark cannot establish that eBay owed it a duty of care that eBay breached. Landmark's allegation that eBay owed it "a legal duty of care" is stated in the most generic of terms. Comp. ¶ 106.  The Complaint offers no further information about the nature of the alleged duty.  *See id.*  A duty of care in a case such as this requires a recognizable relationship between the two entities due to which one entity is obligated to act in a certain manner toward the other.  *See Admiral Ins. Co. v. Heath Holdings USA, Inc.*, No. 3:03-CV-1634G, 2004 WL 1144062 at * (N.D. Tex. May 21, 2004) (dismissing negligence claim because facts alleged did not show a duty arising from a legal or other special relationship between the parties); *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 235-37 (Tex. App.--San Antonio 1998, no writ) (finding that a party with no legal relationship to the plaintiff owes no duty and cannot maintain a negligence claim).

Here, there is no such relationship between eBay and Landmark.  For example, as shown in the preceding section, there is no duty to avoid interfering with a person's actual or potential business relations absent intentional conduct.  *See supra* at 26-27.  Nor is a negligence claim recognized for acts allegedly supporting a malicious prosecution claim.  *See Itt Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 155-56 (Tex. App.--El Paso 1996, writ denied).

Second, since eBay did not owe any legal duty to Landmark, it could not have breached that duty.  *See id.* at 155 ("a plaintiff must prove both the existence and the violation of a duty owed to him by the defendant to establish liability in tort.").

Third, no proximate cause exists between eBay's conduct and any alleged damages suffered by Landmark because the patent examiner independently initiated reexamination of the Patents. *Rodriguez-Escobar*, 392 S.W.3d at 113 (proximate cause requires both foreseeability

and cause-in-fact); *see supra* at 27.  Thus, to the extent Landmark suffered any harm, it would still not be actionable due to lack of proximate cause.

## VI.     EBAY SHOULD BE AWARDED COURT COSTS, ATTORNEY'S FEES, AND SANCTIONS AGAINST LANDMARK PURSUANT TO THE ANTI-SLAPP STATUTE

Texas Civil Practices and Remedies Code § 27.009(a)(1) mandates that the Court award the moving party court costs, reasonable attorney's fees, and other expenses incurred in defending against this lawsuit.  Thus, if this Motion is granted in whole or part, eBay is entitled to an award of such remedies and will submit supporting documentation within 14 days of the order granting the Motion.

In addition, under Texas Civil Practice & Remedies Code § 27.009(a)(2), the Court must award sanctions against the party who brought the legal action in an amount "sufficient to deter the party who brought the legal action from bringing similar actions." *Id.*  The fact that Landmark filed this lawsuit against eBay even after dismissal of a nearly identical suit brought by Landmark's founder against another party based on requests for reexamination of the same patents as the ones at issue here, *see supra* at 2 & n.3, shows that Landmark will not be easily deterred from bringing similar abusive lawsuits in the future.  Thus, eBay requests an award of sanctions against Landmark in the amount of three times its court costs and attorney's fees.

## VII.    CONCLUSION

For the foregoing reasons, eBay requests a hearing on its motion and thereafter a finding by the Court that Landmark's claims against eBay are legally and factually deficient and should be dismissed with prejudice pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.  In addition, eBay is entitled to recover its court costs, reasonable attorney's fees, and other expenses incurred in defending against this action, as well as to be awarded sanctions in an amount sufficient to deter Landmark from bringing similar actions in the future.

Dated: August 13, 2014                    Respectfully submitted,


                                          /s/ *Eric H. Findlay*
                                          Mark P. Wine
                                          CA State Bar No. 189897
                                          Benjamin S. Lin
                                          CA State Bar No. 232735
                                          ORRICK HERRINGTON & SUTCLIFFE LLP
                                          2050 Main St., Suite 1100
                                          Irvine, CA 92614
                                          Tel:  (949) 567-6700
                                          Fax:  (949) 567-6710
                                          mwine@orrick.com
                                          blin@orrick.com

                                          Eric H. Findlay
                                          Texas Bar No. 00789886
                                          FINDLAY CRAFT, P.C.
                                          102 North College Avenue, Suite 900
                                          Tyler, TX 75702
                                          Tel:  (903) 534-1100
                                          Fax: (903) 534-1137
                                          efindlay@findlaycraft.com

                                          Laura Lee Prather
                                          Texas Bar No. 16234200
                                          HAYNES BOONE LLP
                                          600 Congress Avenue
                                          Suite 1300
                                          Austin, Texas 78701
                                          Tel: (512) 867-8476
                                          Fax: (512) 867-8609
                                          laura.prather@haynesboone.com

                                          **ATTORNEYS FOR DEFENDANT EBAY
                                          INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 13, 2014, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay