**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LANDMARK TECHNOLOGY, LLC, a Delaware limited liability company, | § § § § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | CIVIL ACTION NO. 2:14-cv-00605 |
| EBAY INC., a Delaware corporation; SCOTT C. HARRIS, an individual; LAW OFFICE OF SCOTT C. HARRIS, Inc., a California corporation, | | |
| Defendants. | | |

**DEFENDANT EBAY INC.'S MOTION FOR HEARING ON STATUTORILY-MANDATED ATTORNEY'S FEES, COSTS AND SANCTIONS**

Defendant eBay Inc. ("eBay") respectfully requests that this Court set a hearing on or before October 13, 2014, for an award of attorney's fees, costs, and sanctions pursuant to Texas Civil Practice and Remedies Code § 27.009(a)(1), (a)(2) and § 27.004.

**I.      INTRODUCTION**

Although Plaintiff Landmark Technology, LLC ("Landmark") has recently chosen to dismiss this action, Defendant eBay Inc.'s motion for fees, costs, and sanctions remains pending before the Court.  Notwithstanding the Order of Dismissal, eBay respectfully submits that it is entitled to an award of attorney's fees, costs, and sanctions as asserted and pled in their timely-filed Motion to Dismiss Pursuant to Chapter 27 of The Texas Civil Practice & Remedies Code and filed with the Court on August 13, 2014 (D.E. 6).

As stated in eBay's Motion to Dismiss, Texas Civil Practice & Remedies Code § 27.009 (a)(1) mandates that the Court award the moving party court costs, reasonable attorney's fees, and other expenses incurred in defending against the lawsuit and the Court must award sanctions

against the party who brought the legal action in an amount "sufficient to deter the party who brought the legal action from bringing similar actions." § 27.009 (a)(2).

## II.     PROCEDURAL AND FACTUAL HISTORY

On May 8, 2014, Landmark filed the current action alleging that eBay had improperly initiated administrative proceedings challenging the validity of Landmark's patents. Landmark never served the complaint.

On August 13, 2014, eBay voluntarily appeared, filing a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. No. 5) ("the Jurisdiction Motion") and a Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code and Request for Hearing ("the Anti-SLAPP Motion") (Dkt. No. 6) (collectively, the "motions to dismiss").

On September 4, 2014, the Court granted the parties' stipulated request to extend time, giving Landmark (1) up to and including September 9, 2014 in which to file a response to the Jurisdiction Motion (Dkt. No. 5); and (2) up and including September 5, 2014 in which to file a response to the Anti-SLAPP Motion (Dkt. No. 6).

On September 5, 2014, Landmark filed an opposed motion for a second extension of time, up to and including September 12, 2014 for Landmark to file a response to eBay's motions to dismiss.

On September 11, 2014, instead of filing responsive briefs, Landmark filed a Motion to Dismiss all Claims with Prejudice (Dkt. No. 16). The Court granted the corresponding Order of Dismissal of all Claims with Prejudice on September 15, 2014 (Dkt. No. 17).

## III.    ARGUMENT

Even though Landmark has voluntarily dismissed its case, the district court still has jurisdiction to award attorney's fees. *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217 (10th Cir. 2010); *see also*, *Cooter & Gell*, 496 U.S. 384, 395, 110 S. Ct. 2447, 110 L. Ed. 2d 359

(1990) (holding that "nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal."). For example, the court may, notwithstanding dismissal of the underlying action, impose sanctions under Federal Rule of Civil Procedure 11, impose costs, impose attorney's fees, or undertake contempt proceedings. *See Qureshi v. United States*, 600 F.3d 523, 524-25 (5th Cir. 2010).

Under Texas law, although parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include, as in this instance, a motion for sanctions. *See Villafani v. Trejo*, 251 S.W.3d 466 (Tex. 2008). This reasoning was recently applied to a nonsuit filed, as here, while an anti-SLAPP motion under Tex. Civ. Prac. & Rem. Code Ann. § 27.001, et. seq. was pending. *Carolyn Calkins James, et. al. v. Richard Stephen Calkins, et. al.*, No. 01–13–00118–CV, 2014 WL 4100692 (Tex. App. – Houston [1st District] August 21, 2014, no pet. h.) *5. Because eBay's Motion to Dismiss and its request for sanctions was already on file and pending when the order of dismissal was signed, the order did not fully resolve the motion for fees and sanctions, thus preventing the order from being a final judgment. *See Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009). Thus, the trial court still has jurisdiction over the pending motion for fees and sanctions, and eBay would request a hearing and determination of these matters still at issue. *See American Heritage Capital, LP v. Alan Gonzalez and Dinah Gonzalez*, No. 05–12–00892–CV, 2014 WL 2946005 (Tex. App. – Dallas, July 1, 2014, no pet.).

Courts have not hesitated to award fees and sanctions after voluntary dismissal of cases when there is a pending anti-SLAPP motion. The purpose of the anti-SLAPP statute and its corresponding fee provision is to deter litigants from using the court system as a means of

retaliating against others by filing baseless claims that then result in unnecessary fees in defending against these meritless lawsuits. A party should not be able to abuse our legal system, as Landmark has in this case, by filing a baseless claim, causing eBay to incur unnecessary expenses in defending against the action, and then be permitted to voluntarily drop the suit without any consequence. *See Susan Delgado v. Carol Alvarado*, No. 2014-10592 (234th Dist. Ct., Harris County, Tex., May 12, 2014)(awarding attorney's fees and sanctions in anti-slapp case after dismissal with prejudice); *Hest Technologies, Inc., et. al. v. Robert Dale Bethel, et. al.*, No. 067-256906-11 (67th Dist. Ct., Tarrant County, Tex., April 17, 2012) (defendant Castroville received $7500 in attorney's fees after the plaintiffs had filed a nonsuit due to the filing of an anti-SLAPP motion to dismiss).[1] The fact that Landmark filed this lawsuit against eBay even after dismissal of a nearly-identical suit brought by Landmark's founder against another party based on requests for reexamination of the same patents as the ones at issue here, shows that Landmark will not be easily deterred from bringing similar abusive lawsuits in the future. *See* Defendant's Motion to Dismiss at 2 (Dkt. No. 6).

## IV. CONCLUSION

Based on the foregoing, eBay respectfully requests that the Court set this matter for hearing on or before October 13, 2014, as provided by the Chapter 27 of Texas Civil Practice and Remedies Code, or at a later time that can be agreed upon.

---

[1] A true and correct copy of the orders in these causes of action is attached hereto.

Dated: September 16, 2014          Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com

Laura Lee Prather
Texas Bar No. 16234200
HAYNES & BOONE LLP
600 Congress Ave.
Suite 1300
Austin, TX 78701
Tel: (512) 867-8476
Fax: (512) 867-8609
Laura.prather@haynesboone.com

Mark P. Wine
CA State Bar No. 189897
Benjamin S. Lin
CA State Bar No. 232735
Michael C. Chow
CA State Bar No. 273912
Will Melehani
CA State Bar No. 285916
ORRICK HERRINGTON & SUTCLIFFE LLP
2050 Main St., Suite 1100
Irvine, CA 92614
Tel: (949) 567-6700
Fax: (949) 567-6710
mwine@orrick.com
blin@orrick.com
mchow@orrick.com
wmelehani@orrick.com

Matthew Poppe
CA State Bar No. 177854
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Tel: (650) 614-7400
Fax: (650) 614-7401
mpoppe@orrick.com

**ATTORNEYS FOR DEFENDANT EBAY INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 16, 2014.

*/s/ Eric H. Findlay*
Eric H. Findlay

### CERTIFICATE OF CONFERENCE

Counsel for eBay Inc. communicated with counsel for Landmark Technology, LLC regarding the relief requested in this motion. Counsel for Landmark Technology, LLC has indicated they are opposed to that relief, and accordingly the parties are at an impasse.

*/s/ Eric H. Findlay*
Eric H. Findlay